UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VELTOR COTTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-03861-SEB-DLP |
| ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Veltor Cotton, an inmate of the Indiana Department of Correction ("IDOC"), has filed a petition for a writ of habeas corpus challenging a prison disciplinary conviction in case number ISR 19-06-16. For the reasons explained below, the petition is **DENIED**.

**I.
LEGAL STANDARD**

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II.
## BACKGROUND

On June 1, 2019, IDOC Correctional Officer Sgt. J. Locke wrote a Report of Conduct charging Mr. Cotton with possession of a deadly weapon, a violation of IDOC Adult Disciplinary Code A-106. Dkt. 14-1. The Report of Conduct states:

> On 01 June 2019 at approximately 10:30PM, I, Sergeant J. Locke, found a weapon on Offender Cotton, Veltor #174763. The weapon consisted of two razor blades tied to the end of a spork, wrapped with string.

*Id.*

The Report of Conduct initiated case number ISR 19-06-16. *Id.* Mr. Cotton was also charged with fleeing in ISR 19-06-17, physically resisting in ISR 19-06-67, and battery in ISR 19-06-68. *See* dkt. 6, pp. 3-4; *Cotton v. Zatecky*, 1:19-cv-4815-TWP-TAB; *Cotton v. Zatecky*, 1:19-cv-4816-SEB-DML; *Cotton v. Zatecky*, 1:19-cv-4817-TWP-DLP. All four incidents occurred on June 1, 2019. *Id.*

On June 5, 2019, Mr. Cotton was notified of ISR 19-06-16 when he received a copy of the Screening Report. Dkt. 14-4. He pleaded not guilty and requested video evidence of the incident. *Id.* That same day, Officer R. Cochran wrote a Report of Disciplinary Hearing Video Evidence Review indicating "there was no video of this incident." Dkt. 14-7.

On June 20, 2019, ISR 19-06-16 proceeded to a disciplinary hearing. Dkt. 14-6. Mr. Cotton told the disciplinary hearing officer:

> It wasn't found on me. It was a common area. I was down there by the shakedown booth. They found it over by the stairwell. They were running showers that night. I got a lawsuit against Locke. He shouldn't even be over here. It could be out of retaliation. They let someone in my cell and destroyed all my paperwork.

*Id.* The disciplinary hearing officer considered Mr. Cotton's statement, the Report of Conduct, and photographic evidence and found him guilty. He received a 90-day loss of earned credit time. *Id.*

Mr. Cotton appealed this disciplinary conviction to the Facility Head and the IDOC Final Reviewing Authority. Dkt. 14-8, 14-9. He presented the following grounds for relief:

> A weapon that was not found on me or my property but found in a common area (shower area) has wrongly been stated to be found in my possession. (1) Showers for 2C range were being ran (sic) at this time. (2) The officer Locke upset at me over a pending lawsuit is the officer who states this weapon was found in my possession. (3) My video evidence was denied as if the safety and security in restricted housing cannot be used for staff to view to prove my innocence.

Dkt. 14-8. These appeals were denied. *Id.*; dkt. 14-9.

### III.
### DISCUSSION

Mr. Cotton filed a petition for a writ of habeas corpus on September 11, 2019. Dkt. 1. He filed an amended petition on October 30, 2019. Dkt. 6. "An amended habeas petition supersedes an original habeas petition." *Martinez v. Pierce*, 2016 WL 353924 at *11 (N.D. Ill. June 29, 2016) citing *Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002); *see also Clark v. Warden*, 2019 WL 9047183 at *1 (N.D. Ind. August 12, 2019); *Schroeder v. Tegels*, 2017 WL 2126889 at *1 (W.D. Wisc. May 16, 2017); *Brown v. Wisconsin*, 2015 WL 631288 at *4 (E.D. Wisc. 2015); *Ellison v. Hodge*, 2014 WL 222739 at *3 (S.D. Ill. Jan. 21, 2014).

The amended petition does not list any specific grounds for relief. *See* dkt. 6. However, based on his description in the "Supporting Facts" section of his petition, the Court discerns three arguments for relief: (1) the disciplinary hearing was held "outside the 7day timeframe per policy 02-04-101 without giving any notification as to why"; (2) the Report of Conduct was written "out of retaliation of a lawsuit 1:18-cv-3909-TWP-DML against . . . Sgt. Locke"; and (3) if the disciplinary hearings for ISR 19-06-67, ISR 19-06-68, ISR 19-06-16, and ISR 19-06-17 had been "held the same day offender Cotton believes there may have been a difference in the sanctions or of certain conduct reports being dismissed." *Id.* at 3-4.

3

### A. Grounds One and Three

Generally, Indiana prisoners challenging their disciplinary convictions may only raise issues in a petition for a writ of habeas corpus that were previously raised in a timely appeal to the Facility Head and then to the IDOC Final Reviewing authority. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). Mr. Cotton did not exhaust his administrative remedies on grounds one and three, and he presents no evidence or argument that this failure should be excused. Accordingly, his request for relief on these grounds is **DENIED**.

### B. Ground Two

Mr. Cotton argues that the Report of Conduct was written in retaliation for a lawsuit he filed against Sgt. Locke. His attack on Sgt. Locke's credibility is a request to reweigh the evidence, which this Court may not do. *See Calligan v. Wilson*, 362 F. App'x 543, 545 (7th Cir. 2009) (citing *Hill*, 472 U.S. at 455; *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007)); *see also Ellison*, 820 F.3d at 274 ("[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."); *Eichwedel v. Chandler*, 696 F.3d 600, 675 (7th Cir. 2012) ("The some evidence standard is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.").

There is some evidence in the record to support Mr. Cotton's disciplinary conviction, and his request for relief on this ground is **DENIED**.

## IV.
## CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there

4

was no constitutional infirmity in the proceeding which entitles Mr. Cotton to the relief he seeks. Accordingly, Mr. Cotton's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Order shall now issue.

**SO ORDERED**.

Date: 10/19/2020

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

VELTOR COTTON
174763
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Abigail Elizabeth Smith
INDIANA ATTORNEY GENERAL
abigail.smith@atg.in.gov

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov